# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILMA KILPATRICK, | CV F   02 6467 REC SMS P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS REGARDING MOTION FOR SUMMARY JUDGMENT (Doc. 34) |
| AUGUSTINE C. MEKKAM, | |
| Defendants. / | |

    Wilma Kilpatrick ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

**A.  RELEVANT PROCEDURAL HISTORY**

    Plaintiff filed the instant action on November 25, 2002, alleging a violation of her Eighth Amendment rights concerning medical care.  Plaintiff named Dr. Augustine Mekkam, Dr. Suryadevara and J. Lewis as  Defendants.  On August 26, 2003, the Court found that the Complaint stated a cognizable claim for relief against Dr. Mekkam only and issued Findings and

Recommendations that the remaining Defendants be dismissed. (Doc. 13.) Subsequently, Defendant Mekkam filed an Answer. (Doc. 25.) On January 6, 2005, the Court issued a Discovery and Scheduling Order. (Doc. 27.) On September 8, 2005, Defendant Mekkam filed a Motion for Summary Judgment. (Doc. 34.) Plaintiff filed her Opposition to the Motion on November 14, 2005. (Doc. 39.) Defendants then filed Objections to the evidence offered by Plaintiff in her opposition to the Motion for Summary Judgment. (Doc. 40.)

**B. SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a Summary Judgment Motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

In attempting to establish the existence of this factual dispute, the opposing party may not

rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Rule 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (*quoting* Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the Motion for Summary Judgment, the Court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Rule 56(c). The evidence of the opposing party is to be believed, Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, Matsushita, 475 U.S. at 587 (*citing* United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)(*per curiam*). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (*citation omitted*).

3

## C. UNDISPUTED FACTS[1]

1. At all times relevant to this action, Plaintiff was incarcerated at the Central California Women's Facility ("CCWF") in Chowchilla, California.
2. Defendant Mekkam was a duly licensed medical doctor employed by the California Department of Corrections and assigned to CCWF.
3. During the time Defendant was assigned to CCWF, he had the opportunity to examine and treat Plaintiff.
4. In relation to her medical condition, Plaintiff experiences only 1 or 2 "episodes" per year.
5. At some point in time, Plaintiff was prescribed or receiving Pedialyte solution which was subsequently stopped pursuant to Defendant's medical orders.
6. Plaintiff was also a participant in the Chronic Care Program and was subsequently removed from the Chronic Care Program per Defendant's orders.

## D. ANALYSIS

### *1. Summary of Complaint*

Plaintiff's Complaint alleges that she suffers from sickle cell disease. Plaintiff alleges that on June 4, 2002, she was seen by Dr. Reynolds who believed that Plaintiff has a rare form of sickle cell disease. Plaintiff was given pain medication and a "hematology" consult. (Complaint, ¶ 20). Plaintiff alleges that on or about June 17, 2002, she saw Dr. Reynolds for a follow up visit. Dr. Reynolds ordered an additional "hemoglobin electrophoresis." (Complaint, ¶ 21). Plaintiff alleges that on or about August 9, 2002, she was summoned for an interview with Defendant Mekkam. Plaintiff was informed by defendant Mekkam that "he was terminating her order for Pedialyte (for dehydration associated with Sickle Cell Disease), rescinding [sic] her

---

[1] The following facts are undisputed for the purpose of this Motion. The Court notes that neither party submitted a Statement of Undisputed Facts as is required by the Local Rules. Local Rule 56-260(b). As a result, the Court has compiled the instant Statement of Undisputed Facts from Defendants Motion for Summary Judgment and Plaintiff's Opposition where they are not contradictory. Johnson v. Meltzer, 134 F.3d 1393, 1399-1400 (9th Cir. 1998) (verified Complaints and Oppositions constitute opposing affidavits for purposes of the summary judgment rule if they are based on facts within the pleader's personal knowledge). The parties are forewarned that the failure to submit a Motion in compliance with the applicable rules may result in the denial of that Motion as deficient.

medical order for ice, and removing her from the Chronic Care Program, because she does not have Sickle Cell Disease." (Complaint, ¶ 23). Plaintiff alleges that on or about August 13, 2002, she went to the emergency room for pain and distorted vision in her right eye. Plaintiff states the eye was bandaged and she was instructed to return the next day. When she returned the next day, she was sent off the facility grounds to see Dr. Kaye at Natural Vision in Madera, California. Plaintiff was informed by Dr. Kaye that she had a detached retina and surgery was required. Plaintiff informed Dr. Kaye that she suffered from sickle cell disease. Plaintiff alleges that on or about August 22, 2002, she had surgery on her right eye.

### *2. Claim for Relief*

Where a prisoner's Eighth Amendment claim is one of inadequate medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. at 106. Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1991). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (*quoting* Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994).

If a prisoner establishes the existence of a serious medical need, he or she must then show that prison officials responded to the serious medical need with deliberate indifference. Farmer, 511 U.S. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir.1988). Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial. Mere

'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (*citing* Estelle, 429 U.S. at 105-06). See also Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.2004). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835 (*quoting* Whitley, 475 U.S. at 319).

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from delay, a plaintiff must show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir.1994) (*per curiam*); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) (*per curiam*). Mere differences of opinion between a prisoner and prison medical staff as to proper medical care do not give rise to a § 1983 claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989); Franklin v. Oregon, 662 F.2d 1337, 1334 (9th Cir.1981).

Defendants present evidence, however, that on or about August 8, 2002, Defendant reviewed Plaintiff's medical record as part of a CDC Quality Review program to determine whether Plaintiff was receiving appropriate medical care. (Mekkam Decl. at 2, ¶ 5.) Defendant discovered that Plaintiff had been receiving Pedialyte solution chronically as if she had viral Gastroenteritis, which she did not have. Id. Defendant indicates that Pedialyte is never used in the treatment of either the classic Hemoglobin SS or the milder Hemoglobin SC condition, which Plaintiff does have. Id. Defendant discontinued the Pedialyte solutions and removed Plaintiff from the Chronic Clare Program. Id. According to Defendant, Plaintiff still had daily access to Physicians and Nurses through the "Sick Call" clinics and the facility's emergency room. Id. Also, it is the policy at CCWF that Plaintiff could be re-enrolled in the Chronic Care Program should her condition become active again. Id. Based on the above, the Court finds that Defendants have met their initial burden of informing the Court of the basis for their Motion, and identifying those portions of the record which they believe demonstrate the absence of a genuine

issue of material fact. The burden now shifts to Plaintiff to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

As stated above, in attempting to establish the existence of this factual dispute, Plaintiff may not rely upon the mere allegations or denials of his pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Rule 56(e); Matsushita, 475 U.S. at 586 n.11; First Nat'l Bank, 391 U.S. at 289; Strong v. France, 474 F.2d 747, 749 (9th Cir. 1973).

Here, Plaintiff argues adamantly that she indeed has the "common" type of Sickle Cell disease, rather than the rare "trait" of sickle cell. (Opposition at 5-6.) However, the issue before the Court is not what classification of Sickle Cell Plaintiff has, but whether Defendant Mekkam violated Plaintiff's Eighth Amendment rights. In fact, it appears that both parties agree that Plaintiff has been diagnosed and has "Hemoglobin SC." (Complaint at ¶ 12 [stating Plaintiff was *proven* positive for SC Sickle Cell]; Opposition at 3; Mekkam Decl. at 5.) From reading Plaintiff's Complaint and opposition, that she is upset at the characterization of her condition as being a "trait" as opposed to a "disease." However, this too is not dispositive of the issue before the Court. As noted above, in order to state an Eighth Amendment violation for medical care, Plaintiff must establish that Defendant knew of and disregarded a serious risk to Plaintiff's health.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." McGukin, 974 F.2d at 1060. Apparently, Plaintiff believes that her medical condition alone constitutes a "serious medical need," however, this is not so. Plaintiff repeatedly cites to her medical records in support of her contention that Defendant was deliberately indifferent to her needs because he determined that Pedialyte and placement in the Chronic Care Program was unnecessary. However, even assuming the records survived Defendant's evidentiary objections, they provide

no support for the assertion that this course of treatment was necessary.[2] The prescription of pedialyte and enrollment in the Chronic Care Program by a prior treating physician, however, does not alone establish deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989) (difference of opinion between medical professionals concerning the appropriate course of treatment does not amount to deliberate indifference to serious medical needs.) Thus, Defendant's diagnosis alone, even if different from prior treating physicians, is insufficient to raise an Eighth Amendment violation.

Finally, as noted above, Plaintiff presents no evidence to support her assertion that Defendant knew of and disregarded a serious medical need. Plaintiff states in her Complaint that a person experiencing a sickle cell "crisis" suffers from extreme pain and is treated as the crisis occurs. (Complaint at unnumbered page 10.) Plaintiff also concedes that she has only one to two "crisis episodes" a year. (Complaint at ¶ 11.) However, Plaintiff does not allege or present evidence that Defendant refused medical treatment following the onset of a crisis or at any other time. Plaintiff's contention in this case has been that Pedialyte and the Chronic Care Program was a necessary course of treatment for her condition. However, noted by Defendants, Plaintiff is not a doctor nor does she present medical evidence showing that such a course in treatment was medically necessary.[3] Without evidence to support her assertions Plaintiff's allegations amount to a mere disagreement in treatment. "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted). There is no such evidence before the Court.

---

[2] The Court finds the evidence offered by Plaintiff in Opposition to the Motion for Summary Judgment provides no assistance in the resolution of the issues before the Court. Accordingly, the Court declines to rule on Defendants evidentiary objections.

[3] Plaintiff's presentation of information obtained from various medical websites does not constitute "medical evidence" as such sites are provided for informational/educational purposes only.

Finally, although Plaintiff alleges in her Complaint that she later experienced a retinal detachment, she does not allege or present evidence that the detachment occurred as a result of the discontinuance of Pedialyte or removal from the Chronic Care Program.

Based on the foregoing, the Court finds that Plaintiff has failed to meet her burden in demonstrating that there exists a genuine issue of material fact warranting trial on the Eighth Amendment allegation.

### E. CONCLUSION AND RECOMMENDATION

Accordingly, the Court RECOMMENDS that the Motion for Summary Judgment be GRANTED and the action DISMISSED in favor of the Defendant,

The Court further ORDERS that these Findings and Recommendations be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within THIRTY (30) days after being served with a copy of these Findings and Recommendations, any party may file written Objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed within TEN (10) <u>court</u> days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file Objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   December 23, 2005**            **/s/ Sandra M. Snyder**
icido3                                     UNITED STATES MAGISTRATE JUDGE